UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GUARANTEE ELECTRICAL<br>CONSTRUCTION COMPANY,<br><br>        Plaintiff<br><br>vs.<br><br>LVC TECHNOLOGIES, INC., et al.,<br><br>        Defendants/Cross-Claimants | Cause No. 4:05 CV 849 JCH |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant/Cross-Claim Plaintiff General Motor Corporation's Motion to Dismiss portions of LVC Technologies' Cross-claim, filed January 19, 2006. (Doc. No. 34). General Motors ("GM") argues that Count II of the cross-claim must be dismissed because LVC cannot recover under a theory of quantum meruit, and that Count IV must be dismissed or clarified because LVC has not sufficiently plead the elements of fraud. The motion is fully briefed and ready for disposition.

## BACKGROUND

In 2004, GM entered into a contract with LVC for a construction and remodeling project. LVC subcontracted a portion of its work to Guarantee Electrical Construction Company. Guarantee filed its original petition in this matter in the Circuit Court of St. Charles County, Missouri, on May 5, 2005. (Petition, Doc. No. 1, ("Complaint")). In its Complaint, Guarantee seeks to enforce a

- 1 -

mechanic's lien against Defendants LVC, GM, and Byrne & Jones Enterprises, Inc., and alleges counts of breach of contract, quantum meruit, and unjust enrichment.

Defendant GM removed Guarantee's action to this Court. (Doc. No. 2). On December 12, 2005, Defendant LVC, in filing its amended answer to Guarantee's Complaint, asserted a cross-claim against GM (Doc. No. 32). In the Cross-Claim, LVC alleges (I) breach of contract, (II) quantum meruit, (III) unjust enrichment, (IV) fraud, (V) negligent misrepresentation, and (VI) abandonment.

As stated above, GM filed its motion to dismiss on January 19, 2006. (Doc. No. 34). For the reasons described below, the motion is denied.

## **DISCUSSION**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to the Complainant. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that the Complainant can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 306 (8th Cir. 1978). Thus, a motion to dismiss is likely granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982) (internal quotations and citations omitted).

### I. **Quantum Meruit**

GM contends that LVC is barred from recovery under a theory of quantum meruit because it does not allege that the work, labor, and materials for which it seeks recovery were outside the scope of the contract. (GM's Motion to Dismiss, Doc. No. 34 ¶ 4). It argues that "where a contract exists, quantum meruit is only a viable cause of action when the work, labor, and materials were *outside* the scope of said contract." (Reply Memorandum, Doc. No. 38, at 1) (emphasis in original).

Quantum meruit is based "on a promise implied by the law that a person will pay a reasonable and just compensation for valuable services or materials provided at the person's request or with his approval." Chase Electric Co. v. Acme Battery Mfg. Co., 798 S.W.2d 204, 209 (Mo. Ct. App. 1990). If a contractor fully or substantially performs a contract, "he may elect to sue either on the contract or in quantum meruit." Id. Because a party may set forth two or more claims alternatively when it does not know upon what precise theory the evidence may entitle recovery, it is settled law that joining a count based on an expressed contract with a count based on quantum meruit does not create an inconsistency. See Fed. R. Civ. P. 8(e)(2) ("A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. ... A party may also state as many separate claims or defenses as the party has regardless of consistency"). The result is the same under the rules of Missouri pleadings. Mo. Ann. R.§ 55.10. Kaiser Aluminum & Chem. Sales, Inc. v. Lingle Refrigerator Co., Inc., 350 S.W.2d 128, 132 (Mo. Ct. App. 1961); Missouri ex rel W.F. Scott v. Sanders, 560 S.W.2d 899, 901-902 (Mo. Ct. App. 1978) ("Under [Rule 55.10] an express contract and an implied contract may be pleaded in the alternative without the pleading being struck for insufficiency.").

Because LVC raises quantum meruit as an alternative theory of recovery, it may do so

regardless of whether the work performed fell outside the scope of the contract. See e.g. Boyd v. Margolin, 421 S.W.2d 761, 767-68 (Mo. 1967) (noting that a "plaintiff may treat the express agreement abrogated or rescinded and recover the reasonable value of the services rendered on quantum meruit...."). It is only necessary to prove that a party performed beyond the scope of the contract when attempting to recover under quantum meruit for "extra work." Bellon Wrecking & Salvage Co. v. Rohlfing, 81 S.W.3d 703, 711-712 (Mo. Ct. App. 2002); Wisch & Vaughan Constr. Co. v. Melrose Props. Corp., 21 S.W.3d 36, 40-41 (Mo. Ct. App. 2000). Because LVC is not trying to recover for "extra work" in addition to the contracted-for amount, it need not show that the work performed fell outside the scope of the contract.[1]

The essential elements for recovery in quantum meruit are: (1) a benefit conferred upon defendant by plaintiff; (2) appreciation by defendant of the fact of such benefit; (3) acceptance and retention by defendant without payment. Green Quarries, Inc. v. Raasch, 676 S.W.2d 261, 264 (Mo. Ct. App. 1984). In the Cross-Claim, LVC alleges that it rendered services which GM accepted and currently enjoys, but for which it has never paid. (Cross-Claim, Doc. No. 32, ¶¶ 23-28). LVC has thus stated a sufficient claim for recovery under the theory of quantum meruit.

## II. Fraud

GM next argues that LVC has not pled fraud with sufficient particularity. See Fed. R. Civ. P. 9(b). (Motion to Dismiss, Doc. No. 34 ¶¶ 7-13). In response, LVC seeks leave to amend Count IV of its Cross-Claim to plead fraud with more specificity. (Memorandum in Opposition, Doc. No. 37, at 3-4). The Court grants LVC leave to amend. Fed. R. Civ. P. 15(a) ("leave [to amend] shall be

---

[1] LVC does appear to plead that it performed extra work outside the contract: "GM tripled the scope of work and compressed LVC's time of performance from ten to twelve weeks to two weeks." (Cross-Claim, Doc, No. 32 ¶ 8).

freely given when justice so requires").

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant/Cross-Claim Plaintiff General Motor Corporation's Motion to Dismiss LVC's Count II (Doc. No. 34) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant/Cross-Claim Plaintiff General Motor Corporation's Motion to Dismiss LVC's Count IV(Doc. No. 34) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that LVC is granted until **Tuesday, April 25, 2006** to file its amended claim.

Dated this 10th day of April, 2006.

                                           /s/ Jean C. Hamilton
                                              UNITED STATES DISTRICT JUDGE